## (October 14, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. STUYVESANT INSURANCE COMPANY, Respondent.— Order, entered on March 23, 1964, granting respondent surety permission to reargue its motion for remission of the forfeiture of its undertaking to secure the appearance in court of one Gerald Jones and granting such motion, unanimously reversed, without costs, on the law, the facts and in the exercise of discretion, and the motion denied with leave to renew, if respondent be so advised. The undertaking in question in the sum of $1,000 was given by respondent in May, 1961 to guarantee the appearance of said Jones in court with respect to his indictment with two others for the crimes of first degree sodomy and second degree assault. Upon Jones' failure to appear in court on two consecutive dates, January 31, 1963.

and February 7, 1963, the undertaking was declared forfeited. In June, 1963 Jones was indicted for jumping bail, and on October 29, 1963 he was arrested on that charge and held in jail. On December 19, 1963 Jones pleaded guilty to jumping bail, upon the offer of the District Attorney to withdraw the other indictments pending against him and to recommend that the sentence on his plea of guilty be limited to the time served since his last arrest; and Jones was so sentenced. Thereafter respondent moved for remission of the bail previously forfeited, and this appeal is from the order granting that motion. On this appeal respondent urges affirmance of the order upon the ground that the District Attorney failed to prosecute the case against Jones over a period of nearly two years during which more than 20 adjournments were made; that it thus appeared that the People had no provable case against the defendants; that, hence, Jones had good reason to believe that the case would not proceed upon the said adjourned dates; and that under such circumstances respondent should be relieved of the forfeiture. The record of adjournments as noted on the indictment and the unverified stenographic records of the various adjournments have been submitted on this appeal. The same were not, however, presented to the court below, and were not considered in granting respondent's motion. The record of adjournments indicates loose calendar practice in handling the case against Jones, but it by no means supports the inference which respondent would have us draw that defendant Jones was always, or even generally, present and ready for trial and the District Attorney always sought delay. It appears that on most occasions Jones or one or both of his fellow defendants, or all three of them, failed to appear and an adjournment was necessary for that reason. Whether or not these codefendants collaborated in their defaults does not appear; but it is not negated. Moreover, respondent has failed to sustain its burden of presenting reasonable excuse for the non-appearance of Jones at court on the occasion that the forfeiture was declared and of explaining its failure to surrender Jones to the court after the forfeiture, so that the authorities had to find and arrest him more than eight months later. Respondent has also failed to show that the People have not been prejudiced by the default. (See opinion by BREITEL, J., in *People* v. *Peerless Ins. Co.*, 21 A D 2d 609.) Since the alleged facts submitted to this court by the parties on this appeal were not before the court below and the parties have not had an opportunity to be heard with respect to the truth thereof, respondent is granted leave to renew its motion below, if it be so advised in the light of this memorandum and the *Peerless* case (*supra*). Settle order. Concur — Valente, J. P., McNally, Stevens, Eager and Witmer, JJ.